[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I. Facts
The plaintiff, Christopher Kyle, filed a one count complaint on January 13, 1993, alleging that the Connecticut Development Authority (hereinafter "defendant") is liable to the plaintiff for injuries he sustained when he fell through the flooring of a structure owned by the defendant.
The complaint states that on December 18, 1991, the defendant contracted with James Coughlin (not a party to this action) to remove material and debris from a factory building controlled and owned by the defendant. The complaint further states that on December 18, 1991, the plaintiff was an employee of Coughlin. The plaintiff alleges that while removing debris from an elevated platform, he fell through the flooring of the structure and broke his left fibula when he struck a chair and landed on the concrete floor below.
In count one of the complaint, the plaintiff alleges that the injuries and damages sustained by the plaintiff were caused by CT Page 6620-K the negligence and carelessness of the defendant. The plaintiff avers that the defendant, inter alia, knew or should have known that the elevated structure the plaintiff fell through was unsafe and dangerous, and that the defendant did not inspect, maintain, or warn the plaintiff of the unsafe condition, thereby exposing the plaintiff to possible injury.
On March 5, 1993, the defendant filed a motion to strike the plaintiff's complaint on the ground that it fails to state a cause of action against the defendant upon which relief may be granted.
On March 23, 1993, the defendant filed a substitute memorandum in support of its motion to strike as required by Practice Book Sec. 155. The plaintiff has timely filed a memorandum in opposition.
II. Discussion
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170544 A.2d 1185 (1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131 (Super.Ct. 1983), 471 A.2d 679 (1983). The CT Page 6620-L motion admits all facts well pleaded, but does not admit legal conclusions or truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
Practice Book Sec. 154 requires that a motion to strike on the ground of legal insufficiency must specify the reason or reasons for each claim of legal insufficiency. The defendant's motion to strike merely states that the complaint "fails to state a cause of action against the defendant upon which relief may be granted." The motion to strike is defective notwithstanding the defendant's inclusion of reasons for the claimed deficiency in its supporting memorandum. Bouchard v. People's Bank, 219 Conn. 465, 468
n. 4, 594 A.2d 1 (1991); Morris v. Hartford Courant Co.,200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986). Accordingly, the court could deny it.
This court, however, will consider the motion to strike in the form presented because the plaintiff has not objected to the form of the motion and Practice Book Sec. 154 is nonjurisdictional in nature. Bouchard v. People's Bank, supra; Morris v. Hartford Courant Co., supra.
In his memorandum in opposition, the plaintiff states that he is CT Page 6620-M stating a claim for premises liability, not vicarious liability. The cases cited in support of this cause of action, however, do not demonstrate the existence of a duty of care on the part of an owner of premises to the employee of an independent contractor. The cited cases all concern the duty of an owner to a patron or innocent bystander. These cases are not persuasive. Furthermore, the appellate court has stated:
 As a general rule, an employee's recovery is limited to workers' compensation. . . . Employees of any employer should not be limited to workers' compensation benefits while permitting employees of an independent contractor to recover not only workers' compensation benefits, but also to recover in tort from an employer of an independent contractor. If such were the case, there would be an indefensible status distinction between employees of an independent contractor and employees working directly for the owner. . . . "To the extent that work[er]'s compensation is the preferred remedy for occupational injuries, it does appear anomalous and fortuitous to allow an employee to recover in tort from a third party owner when the accident arises out of and in the course of employment. In other words, a third party owner should not be exposed to greater liability by employing an independent contractor."
Ray v. Schneider, 16 Conn. App. 660, 668-69 A.2d (1988), quoting CT Page 6620-N Peone v. Regulus Stud Mills, Inc., 113 Idaho 374, 378,744 P.2d 102 (1987). Although the court in Ray v. Schneider did not consider the question of a duty to the employee of an independent contractor to provide a safe work place, it is decided that the reasoning quoted above should suggest that the court should find such a duty.
III. Conclusion
For the reasons herein stated it is concluded that the defendant's motion to strike ought to be and is hereby granted because the plaintiff has failed to state a legally recognizable cause of action. It is so ordered.