### DOMINIC FULCO *v.* THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION
### (14609)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

Argued June 9—decision released July 13, 1993

*Joseph T. Sweeney,* with whom was *James M. Sconzo,* for the appellant (defendant).

*Dominic Fulco III,* for the appellee (plaintiff).

PER CURIAM. In this appeal concerning the applicability of the exclusivity provision of the Workers' Compensation Act, General Statutes (Rev. to 1989)

§ 31-284 (a),[1] we granted certification to consider whether the Appellate Court had improperly concluded that the plaintiff had not suffered a job related injury when he was discharged in a manner that allegedly caused him emotional distress.[2] We dismiss the appeal on the ground that certification was improvidently granted.

The opinion of the Appellate Court; *Fulco* v. *Norwich Roman Catholic Diocesan Corporation*, 27 Conn. App. 800, 609 A.2d 1034 (1992); discloses the relevant history. The defendant, The Norwich Roman Catholic Diocesan Corporation, hired the plaintiff, Dominic Fulco, to be its director of finance in 1985 and discharged him in 1989. Id., 802. The plaintiff filed a multicount complaint claiming that he was entitled to recover damages: (1) on contractual and statutory grounds arising out of unused and uncompensated vacation days; and (2) for negligent and intentional infliction of emotional distress arising out of the manner of his discharge. Id. The Appellate Court affirmed the trial court's rulings in favor of the defendant with regard to issues arising out of the unused vacation days, but reversed the trial court's ruling that the exclusivity provision of the Workers' Compensation Act barred the plaintiff's claim for negligent infliction of emotional distress. Id., 810.

---

[1] General Statutes (Rev. to 1989) § 31-284 (a) provides in relevant part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees . . . . All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter . . . ."

[2] We granted the defendant permission to appeal the following certified issue: "In the circumstances of this case, was the plaintiff's claim for negligent infliction of emotional distress barred by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a)?" *Fulco* v. *Norwich Roman Catholic Diocesan Corporation*, 223 Conn. 917, 614 A.2d 821 (1992).

The Appellate Court's decision was based on its application of the guidelines set forth in *McNamara* v. *Hamden,* 176 Conn. 547, 556, 398 A.2d 1161 (1979), for the determination of whether an employee's injuries are work related. *Fulco* v. *Norwich Roman Catholic Diocesan Corporation,* supra, 807. The court concluded that emotional distress caused by the manner of an employee's discharge is not a work related personal injury. Id., 808–809. The court held, therefore, that "[t]he allegations of the plaintiff's complaint, if true, demonstrate that the plaintiff was neither within the period of his employment nor reasonably fulfilling the duties of employment or doing something incidental to it when he sustained his alleged injury." Id., 808. Accordingly, the plaintiff's common law cause of action for negligent infliction of emotional distress was not barred by § 31-284 (a), the exclusivity provision of the Workers' Compensation Act. Id., 810.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The underlying issues have been fully considered in the opinion of the Appellate Court and it would serve no useful purpose for us to repeat the discussion therein contained. See *Farmington* v. *Dowling,* 224 Conn. 592, 593, 619 A.2d 852 (1993); *Esposito* v. *Planning Commission,* 202 Conn. 404, 521 A.2d 565 (1987).

The appeal is dismissed.