[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
A motion to strike is the vehicle to "challenge the legal sufficiency of pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). A motion to strike admits all well-pled facts. Id. In determining whether the motion should be granted, the question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. King v. Board of Education, 195 Conn. 90, 93 (1985). The court must construe the complaint in a manner most favorable to the nonmoving party. Mozzochi v. Beck, 204 Conn. 490, 491 (1987).
Relying on Saporoso v. Aetna Life Casualty Co., 221 Conn. 356,603 A.2d 1160 (1992) and Jett v. Dunlap, 179 Conn. 215,217, 425 A.2d 1263 (1979) the defendant argues that the allegations contained in paragraphs 11, 12, 14, 16 and 18 of the second count of the amended complaint relate to an employment related injury and therefore the claim is barred by the exclusivity provisions of the workers' compensation statute. The plaintiff argues that the defendant ignores paragraph 13 of count two of the amended complaint and that when placed into the context of the remaining allegations of the complaint an action for negligent infliction of emotional distress is properly alleged.[1]
General Statutes, 31-284 provides in relevant part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . CT Page 8795
General Statutes, 31-284(a). "The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." Jett v. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263
(1979). "[W]here a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common-law tort against the employer is barred." Id.
General Statutes 31-275(1) defines "arising out of and in the course of his employment" as:
 an accidental injury happening to an employee originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer . . .
Additionally, Section 31-275(1)(B) provides that "a personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality."
The court, in Fulco v. Norwich Roman Catholic Diocesan Corporation, 27 Conn. App. 800, aff'd., 226 Conn. 404, (1993), utilized the guidelines [guidelines] set forth in McNamara v. Hamden,176 Conn. 547, 566, (1979), concluding that a claim for negligent infliction of emotional distress caused by the manner of employment termination is not barred by the workers' compensation statute. Under McNamara v. Hamden, supra, in order for an injury to occur in the course of employment, "the injury must take place (a) within the period of employment, (b) at a place where the employee may reasonably be, and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." Id; see also, Pagani v. BT II, Limited Partnership, 24 Conn. App. 739, 746, (1991).
Count two, paragraph 13, of the amended complaint reads as follows:
 The defendant, through its agents, servants or employees, terminated the Plaintiff for a CT Page 8796 claimed violation of a sick leave policy that did not apply to Workers' compensation injuries.
Reading the complaint in the manner most favorable to the nonmovant; Mozzochi v. Beck, supra; the plaintiff alleges in count two that, following the defendant's termination of the plaintiff's employment, the plaintiff suffered severe emotional distress. Pursuant to Fulco v. Norwich Roman Catholic Diocesan Corporation, supra, 809, 810, a cause of action for the negligent infliction of emotional distress caused by the manner of employment termination is not barred by the exclusivity provisions of the workers' compensation statute.[2] The second count, sounding in negligent infliction of emotional distress, based on the manner in which the plaintiff's employment was terminated, is not barred by the exclusivity provisions of the workers' compensation act. Therefore, the motion to strike the second count of the amended complaint is denied.
A cause of action for intentional infliction of emotional distress is properly pleaded where it is alleged: 1) that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was severe. DeLaurentis v. New Haven, 220 Conn. 225,266, 267, 597 A.2d 807 (1991).
The defendant argues that as a matter of law the second and third counts of the amended complaint do not begin to allege the sort of extreme and outrageous behavior necessary to sustain the claim of intentional infliction of emotional distress. The defendant contends that, as matter of law, the amended complaint fails to allege the essential element of extreme and outrageous behavior.
Conduct which satisfies the requirement of "extreme and outrageous" has been described as:
 conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious nature . . . CT Page 8797
(Internal quotations and citations omitted.) DeLaurentis v. New Haven, supra, 267. "`[W]hether an actor's conduct is sufficiently extreme and outrageous to impose liability is one for the jury to decide.'" Polyviou, et al v. N.E. Contract Packers, 7 CSCR 305, 306 (February 19, 1992, Santos, J.), quoting Brown v. Ellis, 40 Conn. Sup. 165, 167-168 (1984, McDonald, J.). "Although the plaintiff's allegations may not arise to the level of extreme and outrageous conduct required, the court finds that this is a question of fact for the trier." Szczepanik v. Northeast Utilities Service Co., 1 CSCR 629, 630
(August 11, 1986, Arena, J.)
A question of fact exists as to whether the defendant's alleged actions reach the level of extreme and outrageous conduct. Therefore, the motion to strike the third count of the amended complaint is denied.
FREEDMAN, J.