[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Slavitt, Connery Vardamis for plaintiff.
Day, Berry Howard for defendant.
The plaintiff, Antonio Chieffalo, has filed a three count amended complaint against the defendant, Norden Systems, Inc. Counts one and two allege a breach of express and implied contracts. Count three alleges negligent infliction of emotional distress. The facts as alleged in count three are as follows. The plaintiff was employed by the defendant from October 24, 1966 until March 26, 1992, whereupon the plaintiff was terminated and physically removed from the premises. After discharge, the defendant failed to allow the plaintiff to have recourse to a peer review process that was ordinarily available in such circumstances. The plaintiff alleges that the defendant's conduct in his termination and in refusing the peer review process was unreasonable, and foreseeably risked physical or emotional harm to the plaintiff. The plaintiff further alleges that such harm did CT Page 11395 result.
The defendant has filed a motion (#125) to strike count three of the plaintiff's amended complaint, to which the plaintiff has objected. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown Jacobson. Etc.P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group. Inc., supra, 224 Conn. 215.
The defendant argues that the plaintiff has not sufficiently alleged a cause of action because an act of termination does not create an unreasonable risk of causing emotional distress.
A plaintiff may recover for negligent infliction of emotional distress if "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Kilduff v.Adams, Inc., 219 Conn. 314, 326, 593 A.2d 478 (1991); see alsoMorris v. Hartford Courant Co., 200 Conn. 676, 683, 513 A.2d 66
(1986); Montinieri v. SNET Co., 175 Conn. 337, 345, 398 A.2d 1180
(1978).
The defendant relies upon Leniart v. CS Distributers, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 516354 (January 21, 1994, Corradino, J.), in which the court granted summary judgment on a claim of negligent infliction of emotional distress resulting from termination. The court stated that "[t]here is no claim that . . . the actual discharge was done in an inconsiderate, humiliating, or embarrassing manner. The mere fact of termination does not give rise to a claim for unintentional infliction of emotional CT Page 11396 distress." Id.
In this case, however, the plaintiff has alleged that he was physically escorted off the premises, and that he was denied recourse to a review process to which he was entitled. Thus, the plaintiff has alleged more than the mere fact of his discharge as the cause of his emotional distress, and has alleged sufficient facts necessary to support a claim of negligent infliction of emotional distress.
The defendant also argues that the plaintiff's claim is barred by the exclusivity of the Worker's Compensation Act.
The Appellate Court in Fulco v. Norwich Roman CatholicDiocesan Corp., 27 Conn. App. 800, 609 A.2d 1034 (1992), appeal dismissed, 226 Conn. 404, 627 A.2d 931 (1993), held that negligent infliction of emotional distress resulting from termination is not barred by the Worker's Compensation Act. The court reasoned that "[b]y its nature, the process of being discharged occurs only once in an employee's tenure. It cannot be considered conduct regularly engaged in as an incident to employment." Id., 809. The defendant maintains that Fulco was decided after the institution of this action and, therefore, the court should apply Superior Court decisions that preceded the decision in Fulco.
Prior to Fulco there was indeed a conflict of authority "as to whether termination of an employee is `in the course of employment' so as to bar an employee's civil action for damages against its employer." Murphy v. Midwest Connecticut Council on Alcoholism,5 Conn. L. Rptr. 436, 437 (January 10, 1992, Pickett, J.).
However, this court agrees with the reasoning of the Appellate Court in Fulco, and that it may be applied in this case. Accordingly, the defendant's motion to strike count three of the plaintiff's amended complaint is denied.
So Ordered
Dated at Stamford, Connecticut this 10th day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE CT Page 11397