[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 1, 1993, the plaintiff, George Withers, a security guard and employee of Ness Corporation (Ness), filed a revised single count complaint alleging negligence by United Illuminating Company (UI), a company that hired Ness to guard a plant in Bridgeport. The plaintiff alleges that on June 20, 1992 between midnight and 8:00 a.m. he was on duty at the plant when he was notified of a breach in the perimeter of the property. When the plaintiff went to investigate, two persons emerged from a pile of debris and attacked the plaintiff, causing him serious injuries. The plaintiff alleges that the defendant was negligent because it did not maintain the property adequately in the following respects: there was a hole in the fence, lighting was poor near the hole, piles of debris, sticks, stones and glass were lying about, all of which could be used by a trespasser to ambush a person on the property. The plaintiff further alleges that the defendant was aware that vandals and trespassers were entering the premises.
On October 7, 1994, the defendant filed the first of two motions for summary judgment presently before the court (#115).
On March 10, 1995, the defendant filed a second motion for CT Page 13075 summary judgment (#120).
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital, 232 Conn. 242, 250 (1995).
 I. Defendant's First Motion for Summary Judgment #115
In its memorandum, the defendant argues that the plaintiff cannot demonstrate proximate cause and that the brutal attack by trespassers is a superseding cause not within the scope of the risk created by defendant's conduct in allowing a hole in the fence to remain unmended. Further, the criminal activity surrounding the hole in the fence, trespassing, is not the type that would decree a reasonable expectation of foreseeability as to the criminal assault, and it is not of the same general nature as that suffered by the plaintiff. The defendant relies on Doe v. Manheimer,212 Conn. 748, (1989), a case which upheld the trial court's ruling setting aside a jury verdict. The trial court had concluded, as a matter or law, that the plaintiff, who was dragged onto defendant's property and raped behind overgrown vegetation, could not establish proximate causation between the assault and the owner's failure to remove the overgrowth. The court noted that the evidence showed that the prior criminal activity occurring in the vacant lot abutting the defendant's property was nonviolent vagrancy, and that a reasonable person would not foresee an attack because of overgrown vegetation.
The plaintiff counters in its first memorandum in opposition that the present case and Doe are factually distinguishable. The plaintiff relies on 2 Restatement (Second), Torts §§ 448, 449 (1969) arguing that the defendant knew or should have known that its conduct would create a temptation that would lead to the assault because it had already taken security measures such as erecting a fence, installing lighting and hiring a security guard. The plaintiff argues that whether the criminal activity was reasonably foreseeable is a mixed question of fact and law normally left for the trier of fact to decide. The plaintiff's supplemental memorandum argues that a recently decided case, Stewart v.CT Page 13076Federated Department Stores, Inc., 234 Conn. 597 (1995), on facts similar to the present case, held for the plaintiff. In Stewart,
the supreme court affirmed the trial court's denial of the defendant's motion to set aside the verdict. The plaintiff's decedent was murdered in a shopping center garage, and the court held that the defendant-owner of the garage could reasonably have foreseen the harm because there had been numerous violent attacks in and near the garage, and the harm was within the scope of the risk created by the owner's failure to provide minimal security. The defendant responds that the Stewart case supports its contention that it was not aware of occurrences of violent confrontations between trespassers and security guards and thus was not put on notice of the type of injury suffered by the plaintiff, unlike the defendant in Stewart who had been made abundantly aware of past criminal activity of the type suffered by the plaintiff in that case.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. 231 Conn. 381, 384
(1994); Catz v. Rubenstein, 201 Conn. 39, 44 (1986); W. Prosser 
W. Keeton, Torts (5th Ed. 1984) 30, pp. 164-65. "To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct `legally caused' the injuries." Doe v. Manheimer, supra,212 Conn. 757. "The first component of `legal cause' is `causation in fact'. . . would the injury have occurred were it not for the actor's conduct. The second component . . . is proximate cause, which we have defined as 'an actual cause that is a substantial factor in the resulting harm.'" Id.
Connecticut has adopted the standard set forth in § 442B of the Restatement, "where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." Stewart v. Federated Dept. Stores Inc.,
supra, 234 Conn. 607-8, quoting 2 Restatement (Second), Torts, § 442B (1965). To determine whether a harm is within the scope of the risk created, "the harm actually suffered must be of the same `general type' as that which makes the defendant's conduct negligent in the first instance." Stewart, supra, 609.
In the present case, if the actions of the trespassers were a CT Page 13077 superseding cause, there is no proximate cause, and the defendant would be relieved of liability.[1] "The question of proximate causation generally belongs to the trier of fact because causation is essentially a factual-issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion." Stewart v. Federated Dept. Stores, Inc.,
supra, 234 Conn. 611.
In support of its motion for summary judgment, the defendant has filed the affidavit of Edward J. Drew, the Director of Security for the defendant. Drew avers that prior to June 20, 1992, he was not aware of any acts of violence having occurred on the defendant's property and any such occurrence would have been brought to his attention as the Security Director. Drew further avers that "[p]rior to June 20, 1992, during my time as Security Director the only complaints of criminal activity on the property related to minor property crimes such as trespassing on the property for access to the water and theft."
In opposition, the plaintiff submitted his affidavit in which he states that (1) the defendant was aware of holes in the fence surrounding its property; (2) in the area where he was assaulted there was no lighting; (3) the defendant was aware for a period of time of the lack of lighting in the area where the assault took place and (4) that when he was hired for this job he was told that trespassers on the property had been a problem.
Although an affidavit must be made on personal knowledge; Practice Book § 381; and Withers' affidavit does not articulate the basis for his claims that the defendant was aware of holes in the fence and lack of lighting, Drew's affidavit does indicate that the defendant was aware of breaches in security.
Genuine issues of fact appears to exist as to whether and to what extent there were holes in the fence, poor lighting and piles of debris and how much UI knew; and reasonable people could disagree as to whether it is foreseeable that such conditions, if they existed, could entice a trespasser to enter the premises and assault a guard sent to expose the trespassers. Finally, the trier of fact must decide whether trespassing and theft are of the same `general type' of harm as the assault that occurred. Therefore, the defendants first motion for summary judgment is denied.
II. CT Page 13078
Defendant's Second Motion for Summary Judgment (#120)
In its memorandum in support of its second motion for summary judgment, the defendant argues that the availability of workers' compensation benefits to the plaintiff bars an action for negligence by an employee of an independent contractor against the landowner that retained the services of the independent contractor.[2] The defendant argues based on public policy and relies on the holding of the court in Ray v. Schneider, 16 Conn. App. 660,669 cert. denied, 209 Conn. 822, (1988) that an employer of an independent contractor may not be vicariously liable to the contractor's employees for injury caused by the contractor's negligence and that an employer cannot be liable for negligent hiring of the contractor. The defendant also cites Kyle v.Connecticut Dev. Auth., Superior Court, judicial district of Middlesex, Docket No. 68103 (July 8, 1993, Arena, J. 8 CSCR 785), which follows the rationale in Ray v. Schneider to bar an employee of an independent contractor from holding the contracting employer liable for negligence and Kyle v. Connecticut Dev. Auth., Superior Court, judicial district of New London at New London, Docket No. 529266 (June 7, 1994, Leuba, J., 9 CSCR 698), which agrees with theKyle decision by Judge Arena.
The plaintiff argues that the Ray v. Schneider case addressed vicarious liability, whereas in this case the plaintiff has alleged direct negligence on the part of the defendant. The plaintiff further argues that the Kyle decisions are not binding on this court, and that the plaintiff should not be barred from recovering for defendant's direct negligence.
In a case factually similar to this one, the court denied a motion for summary judgment. Cedeno v. Warner Lambert Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309087 (June 6, 1995, Ford, J.). In that case the plaintiff sought recovery for injuries sustained while working for a maintenance company on property owned by the defendant. The plaintiff argued that property owners are liable for their negligence in a direct action, and a principal employer may take advantage of the workers' compensation exclusivity bar only if the principle employer has paid workers' compensation benefits. General Statutes § 31-291. The defendant's motion was denied because the defendant's argument, based on its special defense that Workers' Compensation was the exclusive remedy available to the plaintiff, raised a genuine issue of fact. The defendant had not included any affidavits to prove that the principal employer or the CT Page 13079 subcontractor had paid workers' compensation benefits. Id.
The present case is almost identical to the Cedeno case, even to the extent that the defendant has not submitted affidavits establishing that workers' compensation was paid to the plaintiff.[3]
Although Withers has not submitted any affidavits in opposition, the non-movant may still contest the motion for summary judgment. McGillicuddy v. Ciga Plus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 384266 (Jan. 29, 1993, Wagner, J.), citing Evans Products Co. v. ClintonBuilding Supply Inc., 174 Conn. 512, 514-18 (1978). "If a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material." Walker v.Lombardo, 2 Conn. App. 266, 269 (1984). The defendant has based its argument on the Ray decision, which is not directly on point, and on public policy arguments relating to recovery under the Workers' Compensation Act, as did the courts in the Kyle cases.Kyle, supra. Yet the defendant has not shown by affidavit or otherwise whether workers' compensation was paid or is going to be paid in this situation. UI provided no support for the underlying assumption in its arguments, and has therefore not discharged its burden of showing no genuine issue of material fact exists. Therefore, the defendant's second motion for summary judgment is denied.
Samuel S. Freedman, Judge