[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Facts
This is an action for personal injuries commenced by the plaintiff, Joan S. Gionet, on December 27, 1994. The plaintiff alleges that on January 11, 1993, she was employed by a subcontractor of the defendant, General Dynamics Corporation, at its Electric Boat Division in Groton, Connecticut, and that while a business invitee upon the defendant's premises, she entered the on-site cafeteria and slipped and fell on a wet and slippery floor, sustaining severe, painful and disabling injuries. In her single count complaint, the plaintiff alleges negligence against the defendant. CT Page 5103
The defendant filed an answer and two special defenses on January 18, 1996. The plaintiff filed a reply on January 24, 1996. The defendant filed the present motion for summary judgment on March 18, 1996. The plaintiff filed an objection to the motion on March 30, 1996. Pursuant to Practice Book § 384, each party has submitted an appropriate memoranda of law in support of their respective position.
Discussion
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is do genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact [however] . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In deciding a motion for summary judgment, "the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers,197 Conn. 9, 15, 495 A.2d 1023 (1985). "[T]he court [is] limited to deciding whether an issue exist[s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). "The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994). A directed verdict may be granted only when "[the court] find[s] that the jury could not reasonably and legally [render] another conclusion." Krawczvk v. Stingle, 208 Conn. 239 244,543 A.2d 733 (1988).
In the present case, the parties do not dispute the rule of law that "[t]he Workers' Compensation Act provides the exclusive CT Page 5104 remedy to employees seeking compensation for work-related injuries or death from such injuries where (1) the plaintiff was an employee of the defendant; (2) the employee suffered a personal injury and (3) the injury arose out of and in the course of the plaintiff's employment." Fulco v. Norwich Roman CatholicDiocesan Corp., 27 Conn. App. 800, 807, 609 A.2d 1034, cert.granted in part, 223 Conn. 917, 614 A.2d 821, appeal dismissed asimprovidently granted, 226 Conn. 404, 627 A.2d 931 (1992). The issue in the present case, however, is whether the employee of an independent contractor who is injured upon the property of the principal employer is similarly barred from bringing suit against the principal employer by this rule.
The defendant relies principally on the case of Ray v.Schneider, 16 Conn. App. 660, 548 A.2d 461, cert. denied,209 Conn. 822, 551 A.2d 756 (1988), and the cases following it for the proposition that the plaintiff is limited to the remedies provided under the Workers' Compensation Act and may not bring suit against it. See also Kyle v. Connecticut DevelopmentAuthority, Superior Court, judicial district of New London, at New London, Docket No. 52 92 66 (June 7, 1994, Leuba, J.,9 CSCR 698) and Kyle v. Connecticut Development Authority, Superior Court, judicial district of Middlesex, Docket No. 68103 (July 8, 1993, Arena, J., 8 CSCR 785).[1]
The issue in Ray was whether a principal employer could be held vicariously liable where the employee of an independent contractor is injured on the principal employer's property due to the negligence of the independent contractor. In the present case, however, the plaintiff is alleging that the defendant, the principal employer, was directly at fault for her injuries. The defendant's reliance on Ray is misplaced. Since at least two Superior Court judges in this state have followed the reasoning of Ray to grant summary judgment for the principal employer in cases similar to the present, however, its reasoning should be examined. See Kyle v. Connecticut Development Authority, supra. (See Footnote 1).
The court in Ray, noting the rule that "[o]rdinarily, an employer of an independent contractor, absent an act of negligence on his own part, is not liable to others for the negligent acts of the contractor . . . . except where the employer retains control of the premises or supervises the work of the contractor, or where the work to be performed by the contractor is inherently dangerous, or where the employer has a CT Page 5105 nondelegable duty to take safety precautions imposed by statute or regulation. . . ." (Citation omitted.) Ray v. Schneider,supra, 16 Conn. App. 664. The court concluded, however, that employees of an independent contractor do not fall within the class of persons protected by these exceptions. Id., 664-65.
In reaching its decision, the Ray court relied heavily on the fact that the injured employee was guaranteed compensation for his injuries under the Workers' Compensation Act. The court stated that "[h]ence, the concern underlying the vicarious liability doctrine, namely that an individual who is injured by the negligence of an independent contractor . . . might not receive just compensation for his injury, is not applicable when the injured person is the employee of the independent contractor." Id., 668. The court also found "other compelling reasons for [its] decision to deny liability", such as that "it is to be expected that the cost of workers' compensation insurance will be included by the contractor in his contract price . . . and, therefore, will ultimately be financed by the employer who hires the independent contractor." Id., 668. The court also stated, "most importantly, the imposition of liability would subject the employer of an independent contractor to greater liability than he would have had if he had used his own employees on the job . . . . [which] would create an indefensible status distinction between employees of an independent contractor and employees working directly for the owner of the premises. . . ." Id., 668-69.
As stated previously, the reasoning of Ray, has been relied on in at least one case, by two separate judges, to prohibit an action by an employee of an independent contractor against the principal employer to recover for injuries caused by the principal employer's own negligence. Kyle v. ConnecticutDevelopment Authority, supra (See Footnote 1). However, if this court were to follow the reasoning of Ray and Kyle to prohibit the plaintiff from bringing the present action it would be creating a common law exception to the provisions of the Workers' Compensation Act. Such exception may not be created by this court. Quire v. Stamford, 231 Conn. 370, 375-76, 650 A.2d 535
(1994).
It has been stated that "our [Workers' Compensation Act] represents a complex and comprehensive statutory scheme . . . . Because of the comprehensive nature of the act the responsibility for carving out exceptions from any one of its provisions belongs CT Page 5106 to the Legislature and not to the courts." (Alteration in original; internal quotation marks omitted.) Id. General Statutes § 31-293(a) of the Workers' Compensation Act provides in pertinent part:
 "[w]hen any injury for which compensation is payable under circumstances creating liability in a third person other than the employer, a legal liability to pay damages for the injury . . . the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury. . . ."
(Emphasis added.). General Statutes § 31-291 — provides further that:
Principal employer, contractor and subcontractor
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his dependent for the injury or death which is the subject of the action.
(Emphasis added.) Therefore, the employee of an independent contractor has a right to bring an action in tort against any third party, other than their direct employer, and the principal employer is only immune from suit if, as General Statutes §31-291 provides, the principal employer has in fact paid benefits to that employee under the Workers' Compensation Act for the CT Page 5107 injuries suffered. Quire v. Stamford, supra, 231 Conn. 375-76.
The defendant in the present case maintains under the contract between it and the plaintiff's employer, certain monies paid by the defendant to the plaintiff's employer were expressly designated to be for the purpose of paying the workers' compensation insurance premiums of the plaintiff's employer. The defendant argues that this is the equivalent of directly paying the workers' compensation benefits the plaintiff has received and, therefore, it is entitled to the immunity provided by General Statutes § 31-291.
The defendant has not produced sufficient evidence to establish the fact that it paid the premiums on the workers' compensation insurance policy under which the plaintiff was covered. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105-06,639 A.2d 507 (1994). The only evidence presented by the defendant are the affidavits of Peter J. Roscoe, former Human Resources Specialist for the plaintiff's employer, and John W. Harrington, Director of the Information Services Department for the defendant at its Groton, Connecticut Offices. Roscoe's affidavit simply avers that "It is my understanding that the contract . . . required CSC [the plaintiff's employer] to provide statutory Workers' Compensation coverage for all of its employees . . . and that the cost of such coverage was an element of the total cost that made up the prices that [the defendant] and [the plaintiff's employer] negotiated . . . ." (Affidavit of Peter J. Roscoe, ¶ 10). Harrington's affidavit states that "[t]he cost of . . . insurance coverage was specifically identified as an element of cost in the negotiated contract price." (Affidavit of John W. Harrington, ¶ 5). However, a copy of the contract itself is not provided in the defendant's evidence.
"Although ordinarily a question of contractual interpretation, being a question of the parties' intent, is aquestion of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. (Emphasis added.)Levine v. Massey, 232 Conn. 272, 277-78, 654 A.2d 757 (1995). The defendant has not submitted a copy of the contract in evidence with its motion. Therefore, the court not having an opportunity to view its terms, there remains a genuine issue of material fact. Id.; see also Cedeno v. Warner Lambert Co., Superior Court, judicial district of Fairfield, Docket No. 93-309087S (June 6, 1995, Ford, J.). CT Page 5108
Conclusion
Based on the foregoing, the defendant's motion for summary judgment is hereby denied.
Hurley, J.