[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
In a second revised complaint dated August 8, 1996, the plaintiff seeks damages for allegedly having been wrongfully discharged by the defendant. Count one of the complaint is based on breach of implied contract. Count two alleges breach of the implied covenant of good faith and fair dealing. Count three alleges promissory estoppel. Count four alleges fraud. Count five alleges negligent misrepresentation, and counts six and seven allege, respectively, intentional and negligent infliction of emotional distress. The defendant has now moved to strike all but the fourth count of the second revised complaint.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
In count one, the plaintiff specifically alleges that the plaintiff's employment contract with the defendant was for an indefinite term. The plaintiff has offered no reason why the court should deviate from the general rule that an employment contract for an indefinite term is terminable at will by either party. Morris v. Hartford Courant Company, 200 Conn. 676, 677
(1986). As currently pleaded, therefore, the first count fails to state a claim upon which relief may be granted. Sheets v. Teddy'sFrosted Foods, Inc., 179 Conn. 471 (1980). The motion to strike as to the first count is therefore granted. CT Page 6118
Count two alleges a claim for breach of the implied covenant of good faith and fair dealing. In the absence of an allegation of some violation of public policy, however, the plaintiff may not maintain such a cause of action. Sheets, supra at 472;Morris, supra at 679, n. 2. Because the allegation in this case is only that the plaintiff's termination by his employer without notice and cause was unfair, this count does not state a claim upon which relief may be granted as matter of law.
Count three is based on the doctrine of promissory estoppel. A review of the allegations of count three reveals no statement of any particular promise upon which the plaintiff might have had reason to rely. See D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 213 (1987). The third count, as currently pleaded, must therefore also be stricken.
Count five, although it alleges negligent misrepresentation, is devoid of any allegations of negligence. This count must also be stricken.
The defendant also seeks to strike the sixth and seventh counts, contending that as claims for the negligent and intentional infliction of emotional distress, respectively, they allege injuries for which the exclusive remedy is workers' compensation. It is apparent from the complaint, however, that the allegations of infliction of emotional distress, whether negligent or intentional, are grounded in the discharge itself and not in the conduct of the employer-employee relationship. SeeFulco v. Norwich Roman Catholic Diocesan Corp., 27 Conn. App. 800
(1992), appeal dismissed, 226 Conn. 404 (1993). The sixth and seventh counts both state claims upon which relief may be granted as a matter of law, and the motion to strike as it pertains to them is denied.
In summary, the motion to strike is granted as to counts one, two, three and five, and it is denied as to counts six and seven.
Jonathan E. Silbert, Judge