590 A.2d 821

**In re Petition of Ross CIOPPA to Challenge and Strike the Nominating Petitions of Peter W. Zentner, Marilyn J. Stevens and Richard W. Masten.**

**Appeal of Ross CIOPPA.**

Commonwealth Court of Pennsylvania.

Argued April 22, 1991.

Decided April 25, 1991.

Jay H. Spiegel, Saldamarco & Associates, P.C., Pittsburgh, for appellant.

Sanford Kelson, Kelson & Slomski, Pittsburgh, for appellees.

CRAIG, President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Ross Cioppa (Cioppa) appeals from a decision of the Court of Common Pleas of Allegheny County, dismissing his Petition to Set Aside the Nomination Petitions of Peter W. Zentner, Marilyn J. Stevens and Richard W. Masten (Candidates), because of their alleged failure to timely file their respective Statement of Financial Interest with the local governing authority as required by the Ethics Act.[1]

The facts are not in dispute. On March 6, 1991, one of the Candidates, Mr. Zentner, hand delivered the Statements of Financial Interest (Statements) for all three Candidates to Leonard Cunic, a Councilmember for the Borough of Braddock Hills. Mr. Cunic accepted the Statements and informed Mr. Zentner that he would take care of said Statements. Councilmember Cunic intended to deliver the Statements that same night to the Borough Secretary during a borough meeting, but he became so involved in the meeting that he simply forgot to give them to the Borough Secretary. Councilmember Cunic handed the Statements to the Borough Secretary shortly after the filing deadline.

Section 4(b)(2) of the Ethics Act, 65 P.S. § 404(b)(2), provides that "any candidate for ... local office shall file a Statement of Financial Interest for the preceding calendar year with the *governing authority* in which he is a candidate, on or before the last day for a petition to appear on the ballot for election." Section 4(b)(3) provides that "failure to file the statement in accordance with the provisions of [Ethics] Act shall ... be a fatal defect to a petition to appear on the ballot." This provision was added to the Ethics Act in 1989 apparently to "overrule" the Supreme Court's decision in *Commonwealth State Ethics Commission v. Baldwin*, 498 Pa. 255, 445 A.2d 1208 (1982), that allowed the filing of Statements of Financial Interest after

1. Act of October 4, 1978, P.L. 883, No. 170, *as re-enacted and amended,* June 26, 1989, P.L. 26, 65 P.S. §§ 401–413.

the filing date. (*See In re Baranyai,* 139 Pa.Cmwlth. 320, 590 A.2d 824 (1991)).

■ Because the General Assembly has foreclosed the possibility for the untimely filing of Statements of Financial Interest to be considered a curable defect, the issue before us is solely when Mr. Zentner delivered the Candidates' Statements to Councilmember Cunic, did the Councilmember receive it as an "individual" who was merely going to deliver them to the Borough Secretary or whether he received them as the "governing authority" or "agent for the governing authority."

Nowhere in the Ethics Act is the term "governing authority" defined. Candidates urge us to adopt essentially what can be described as a "political custom" test, i.e., the "customary political practice" in a particular political subdivision is the deciding factor in determining whether the Statements were properly filed with the "governing authority." If a Councilmember customarily performs those tasks, then the filing is proper. The Candidates contend because the local political culture in Braddock Hills is that "Councilpersons were called upon at all hours of the day or night no matter where they might be located for innumerable aspects of local government matters," when Councilmember Cunic received the Statements, he was receiving them as a member of a governing authority.

■ While we agree that there may be circumstances where a Councilmember or a Township Supervisor may receive the forms because of the "practical necessity" of the way the Borough or the Township operates, political culture is not itself sufficient to determine who is the governing authority. Braddock Hills has established a "seat of government," a borough building with fulltime employees to serve as the locus of municipal activities. It's at that location where records are kept, papers are served and documents filed, including statements of financial responsibility. A "political custom" by which councilmembers receive papers and transport papers to the Borough Build-

ing does not vitiate that the Borough has established an office in a building where these documents must be served. Because it is necessary for a political subdivision to have order in the manner in which documents are to be filed, unless there is a showing of "practical necessity"[2] for a document to be received otherwise, a Statement of Financial Interest is not filed until received by the Office of the Borough Secretary.

In addition, we also believe that Councilmember Cunic had not even accepted the forms for filing, but had only agreed to deliver the Statements as a service to some of his constituents. He received them in the same manner certain legislators take motor vehicle registrations or driver's license renewals for filing to Harrisburg—not to officially receive them but as a constituent service.

Even though the Candidates have already filed their Statements with the Election Board, opening to the public any actual or perceived conflicts, we must regrettably strike the Candidates' names from the ballot because of the General Assembly's requirements that complying with the spirit of the law is insufficient but the technical requirements must also be obeyed.

## ORDER

AND NOW, this 25th day of April, 1991, the decision of the Court of Common Pleas of Allegheny County is reversed and it is further ordered that the Election Bureau of Allegheny County is to set aside the Nominating Petitions

2. The difficulty with this case is that political subdivisions of this Commonwealth are so varied that how and to whom the Statements are to be filed are different, depending on both the type and size of the political subdivisions. In large political subdivisions, the issue becomes out of a multitude of offices it maintains, where do you file, e.g., the Mayor or Council or the Controller. However, in small political subdivisions, but by far the most numerous, the issue is not what office but how do you file it. Oftentimes, in those political subdivisions, there are no full-time employees. There is either a volunteer or a part-time secretary operating on commission and/or no borough or township building.

of Peter W. Zentner, Marilyn J. Stevens and Richard W. Masten.

CRAIG, President Judge, dissenting.

These candidates for the office of council member, in a borough, should not forfeit their candidacy because of the vagueness of the language in the Ethics Act, 65 P.S. § 404(b)(2). Pennsylvania statutes and judicial decisions present no clear definition of the term "governing authority," which the Act uses to designate with whom a candidate should file the local copy of the candidate's Statement of Financial Interest.

In Pennsylvania municipalities, the concept of "governing *body*" is clear; that term refers to the body which enacts ordinances, and in boroughs that body is the borough council. By turning in their statements to a borough council member, these candidates acted reasonably, tending by their actions to identify a member of the governing body as representing the governing authority.

If the legislature had intended to specify the municipal headquarters building as the filing place, the legislature would have (and should have) said so.

The candidates obviously sought to comply with the Act, their action was timely, and the law in Pennsylvania does not favor the forfeiture of a candidacy because a borough official fails to carry out the official matter entrusted to him.

The sound decision of the trial judge should be affirmed, and the candidates should remain on the ballot for consideration by the voters.