590 A.2d 824

**In re Nomination Petition of William BARANYAI, Jr. for the Nomination of the Democratic Party for Councilman of the Borough of Millvale, Allegheny County, Pennsylvania.**

**Appeal of Donald ANDREZJWSKI and John F. Kearney,**

**In re Nomination Petition of Gary LANG for the Nomination of the Democratic Party for Councilman of the Borough of Millvale, Allegheny County, Pennsylvania.**

**Appeal of Donald ANDREZJWSKI and John F. Kearney.**

**In re Nomination Petition of Christine GROSSMAN for the Nomination of the Democratic Party for Councilman of the Borough of Millvale, Allegheny County, Pennsylvania.**

**Appeal of Donald ANDREZJWSKI and John F. Kearney.**

Commonwealth Court of Pennsylvania.

Argued April 22, 1991.

Decided April 25, 1991.

Paul M. Daniels, Pittsburgh, for appellants.

Stephen A. Zappala, Jr., Brucker, Witherel & Zappela, with him, Stanley Lederman, Pittsburgh, for appellees.

Before CRAIG, President Judge, PELLEGRINI, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

This is an appeal by Donald Andrezjwski and John Kearney as electors, members of the Democratic Party, and citizens of Millvale from an order of the Court of Common Pleas of Allegheny County directing the Allegheny County Election Department to include the names of three candidates for councilman of the Borough of Millvale on the ballot for the May 21, 1991 primary. The prospective candidates are William Baranyai, Jr., Gary Lang, and Christine Grossman.

The Ethics Act [1] (the Act) requires the filing of financial interests statements by any candidate for a state or local public office. The last day of the filing period for the May 1991 primary was March 12, 1991. The candidates filed financial interests statements with the Department of Election when they filed their nomination petitions prior to the March 12 deadline. However, they did not file statements of financial interest with the Borough of Millvale until March 26, 1991. The objectors contend that the untimely filing is a "fatal defect" to their petitions to be on the ballot.

Section 404(b) provides for the method by which a candidate for local office must file a statement of financial interests. It provides in pertinent part:

(2) Any candidate for county-level or local office shall file a statement of financial interests for the preceding calendar year with the governing authority of the political subdivision in which he is a candidate on or before the

1. Act of October 4, 1978, P.L. 883, *as reenacted and amended,* June 26, 1989, P.L. 26, 65 P.S. § 404.

last day for filing a petition to appear on the ballot for election. A copy of the statement of financial interests shall also be appended to such petition.

(3) No petition to appear on the ballot for election shall be accepted by the respective State or local election officials unless the petition has appended thereto a statement of financial interests as set forth in paragraphs (1) and (2). Failure to file the statement in accordance with the provisions of this act shall, in addition to any other penalties provided, be a fatal defect to a petition to appear on the ballot. 65 P.S. § 404(b).

A candidate, to be in strict compliance with the Act, must file a statement of financial interests attached to a petition to appear on the ballot with the local governing authority. If a candidate fails to do this, it is a fatal defect to the petition to appear on the ballot.

The language of the Act is clear and unambiguous. The candidates claim they have complied with the spirit of the Act. They contend that where, as here, the financial information is available to the public the purpose of the Act is not thwarted and the filing process is not fatally tainted. They rely on the rationale of the Supreme Court in *Ethics Commission v. Baldwin*, 498 Pa. 255, 445 A.2d 1208 (1982). In *Baldwin*, the nomination petitions of prospective candidates were challenged because the candidates failed to file timely financial interests statements. The Court concluded that since the financial statements were filed, even though they were late, the omissions did not constitute a fatal defect.

Following *Baldwin*, the legislature amended and reenacted the Act. They added the language of § 404(b)(3) which provides that "failure to file the statement in accordance with the provisions of this act shall ... be a fatal defect to a petition to appear on the ballot." The candidates did not file the financial interests statement with the Borough of Millvale on or before the last filing day as required by the Act. Therefore, we must reverse the decision of the trial court and direct the Allegheny County

Elections Department to strike the names of William Baranyai, Jr., Gary Lang, and Christine Grossman from the ballot.

## ORDER

NOW, April 25, 1991, the orders of the Court of Common Pleas of Allegheny County, at No. GD 91–04760, No. GD 91–04761, and No. GD 91–04762 are reversed and IT IS FURTHER ORDERED that the names of William Baranyai, Jr., Gary Lang, and Christine Grossman be stricken from the ballot of the May 21, 1991 primary.