DERRICK C. QUIRE ET AL. *v.* CITY OF STAMFORD
(14940)

PETERS, C. J., and BORDEN, BERDON, KATZ and PALMER, Js.

Argued September 22—decision released November 22, 1994

*Maureen E. Driscoll*, with whom, on the brief, was *James D. Moran, Jr.*, for the appellant (intervening plaintiff United Parcel Service).

*Kenneth B. Povodator*, assistant corporation counsel, with whom, on the brief, was *Daniel M. McCabe*, corporation counsel, for the appellee (defendant).

PALMER, J. The issue presented by this appeal is whether an employer who properly intervenes pursuant

to General Statutes § 31-293 (a)[1] in an action brought
by its employee against a municipality under General

---

[1] General Statutes § 31-293 (a) provides: "When any injury for which com-
pensation is payable under the provisions of [the Workers' Compensation
Act] has been sustained under circumstances creating in a third person other
than the employer a legal liability to pay damages for the injury, the injured
employee may claim compensation under the provisions of this chapter,
but the payment or award of compensation shall not affect the claim or
right of action of the injured employee against the third person, but the
injured employee may proceed at law against the third person to recover
damages for the injury; and any employer having paid, or having become
obligated to pay, compensation under the provisions of this chapter may
bring an action against the third person to recover any amount that he has
paid or has become obligated to pay as compensation to the injured
employee. If either the employee or the employer brings an action against
the third person, he shall immediately notify the other, in writing, by per-
sonal presentation or by registered or certified mail, of the action and of
the name of the court to which the writ is returnable, and the other may
join as a party plaintiff in the action within thirty days after such notifica-
tion, and, if the other fails to join as a party plaintiff, his right of action
against the third person shall abate. In any case in which an employee brings
an action against a third party in accordance with the provisions of this
section, and the employer is a party defendant in the action, the employer
may join as a party plaintiff in the action. The bringing of any action against
an employer shall not constitute notice to the employer within the mean-
ing of this section. If the employer and the employee join as parties plain-
tiff in the action and any damages are recovered, the damages shall be so
apportioned that the claim of the employer, as defined in this section, shall
take precedence over that of the injured employee in the proceeds of the
recovery, after the deduction of reasonable and necessary expenditures,
including attorneys' fees, incurred by the employee in effecting the recov-
ery. The rendition of a judgment in favor of the employee or the employer
against the third party shall not terminate the employer's obligation to make
further compensation which the commissioner thereafter deems payable
to the injured employee. If the damages, after deducting the employee's
expenses as provided in this subsection, are more than sufficient to reim-
burse the employer, damages shall be assessed in his favor in a sum suffi-
cient to reimburse him for his claim, and the excess shall be assessed in
favor of the injured employee. No compromise with the third person by
either the employer or the employee shall be binding upon or affect the
rights of the other, unless assented to by him. For the purposes of this sec-
tion, the claim of the employer shall consist of (1) the amount of any com-
pensation which he has paid on account of the injury which is the subject
of the suit and (2) an amount equal to the present worth of any probable
future payments which he has by award become obligated to pay on account

Statutes § 13a-149,[2] the "highway defect" statute, may obtain reimbursement from the municipality for workers' compensation payments made to the employee for injuries suffered by the employee as a result of a defective highway. The defendant, the city of Stamford, moved for summary judgment on the complaint of the intervening plaintiff, United Parcel Service (UPS), and the trial court granted the defendant's motion. UPS thereafter appealed the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse the judgment of the trial court.

The relevant undisputed facts and procedural history are as follows. On May 18, 1987, while acting in the

of the injury. The word 'compensation,' as used in this section, shall be construed to include incapacity payments to an injured employee, payments to the dependents of a deceased employee, sums paid out for surgical, medical and hospital services to an injured employee, the burial fee provided by subdivision (1) of subsection (a) of section 31-306, payments made under the provisions of sections 31-312 and 31-313, and payments made under the provisions of section 31-284b in the case of an action brought under this section by the employer or an action brought under this section by the employee in which the employee has alleged and been awarded such payments as damages."

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

course of his employment with UPS, the named plaintiff, Derrick C. Quire (plaintiff), came to stand on the curb portion of a catch basin located on the westerly side of Greenwich Avenue in Stamford. The catch basin collapsed, causing the plaintiff to fall and suffer injuries to his neck, back and knee. The plaintiff timely served on the defendant a written statement describing the accident and his injuries as required by § 13a-149. The plaintiff thereafter brought an action against the defendant under § 13a-149, alleging that his injuries were the result of the defendant's failure to maintain the curb and catch basin in a safe condition.[3] UPS filed a motion to intervene pursuant to § 31-293 (a), seeking reimbursement for benefits it had paid or had become obligated to pay to the plaintiff under the Workers' Compensation Act,[4] and the trial court, *Hickey, J.*, granted the motion.

The defendant moved for summary judgment against UPS, alleging that only a "traveler" may maintain an action under § 13a-149 and, in the alternative, that UPS had failed to file with the defendant the notice required by § 13a-149. The trial court, *Dean, J.*, granted the defendant's motion for summary judgment on the ground that UPS itself could not maintain its action against the defendant in view of the fact that UPS was not a "traveler" on the allegedly defective road.[5]

---

[3] The complaint also contained counts alleging loss of consortium and nuisance. The trial court granted the defendant's motion to strike the nuisance count, as well as its motion for summary judgment on the loss of consortium count. The plaintiff has not appealed with respect to those counts.

[4] General Statutes § 31-275 et seq.

[5] At the conclusion of the hearing on the defendant's motion for summary judgment, the trial court granted the motion without explanation, and UPS thereafter filed a motion for articulation. At a hearing on the motion for articulation, the trial court stated that the defendant was entitled to summary judgment against UPS because UPS was not a "traveler" as required by § 13a-149.

UPS claims that the trial court improperly granted the defendant's motion for summary judgment because § 31-293 (a), not § 13a-149, defines an employer's right to join in its employee's action against a third party tortfeasor to obtain reimbursement for workers' compensation payments made to its employee. UPS concedes that only a "traveler" may recover damages against a municipality under § 13a-149. See, e.g., *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 199, 592 A.2d 912 (1991); *Aerotec Corp.* v. *Greenwich*, 138 Conn. 116, 119, 82 A.2d 356 (1951). UPS contends, however, that having properly joined in the plaintiff's action, it may maintain a derivative claim against the defendant under § 13a-149, solely to obtain reimbursement for workers' compensation benefits, because it has complied with the requirements of § 31-293 (a) and the injured employee has complied with the requirements of § 13a-149. We agree.

Section 31-293 (a) authorizes an employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor and, in so doing, implements the public policies of preventing double recovery by an injured employee; *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779–80, 610 A.2d 1277 (1992); and thereby containing the cost of workers' compensation insurance. In accomplishing these objectives, the statute unconditionally and unambiguously authorizes reimbursement to the employer when the employer properly intervenes in the employee's action against the third party tortfeasor and damages are recovered. Id., 780. There is no suggestion either in the plain language of § 31-293 (a) or in its legislative history that the legislature sought to limit the subrogation rights of an employer who otherwise complies with the requirements of that statute.

Moreover, "[w]e have repeatedly observed that our [Workers' Compensation Act] represents a complex and

comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts." *Durniak* v. *August Winter & Sons, Inc.*, supra, 222 Conn. 781. In the absence of such express legislative intervention, we will not assume that the legislature intended to create an exception for actions brought under the "highway defect" statute. See id.

Similarly, there is no support for the defendant's claim that the legislature intended § 13a-149 to serve as a bar to an employer's right to reimbursement pursuant to § 31-293 (a) in connection with a claim by an injured employee against a municipality under the "highway defect" statute. In no respect is the right of UPS under § 31-293 (a) to obtain reimbursement from the defendant inconsistent with the requirement that only the plaintiff, as the injured "traveler," may recover damages under § 13a-149. The employer's claim against a municipality under § 13a-149, brought solely for the purpose of obtaining reimbursement for the payment of workers' compensation benefits under § 31-293 (a), is derived entirely from the plaintiff's right to recover damages against the municipality under § 13a-149. The injured "traveler," therefore, retains the exclusive right to recover damages against a municipality for injuries sustained by virtue of a defective highway.

Contrary to the defendant's arguments, moreover, our decision in *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 179, does not suggest a different result. We concluded in *Sanzone* that the spouse of an injured "traveler" may not maintain a loss of consortium claim against a municipality under § 13a-149, noting that such a claim under the "highway defect"

statute is implicitly barred by General Statutes § 52-557n.[6] Id., 200. There is, however, no comparable statutory prohibition against an employer's seeking reimbursement for workers' compensation benefits paid to an employee who has initiated an action against a third party tortfeasor under § 13a-149. Indeed, § 31-293 (a) expressly affords an employer the right to do so. Moreover, unlike the spouse who seeks damages for loss of consortium, the employer who intervenes in its employee's action as authorized by § 31-293 (a) does not enlarge the amount of the recovery against the municipality. Rather, the employer may only obtain reimbursement for workers' compensation benefits paid to its employee from any damages recovered by the employee. We conclude, therefore, that § 13a-149 does not bar UPS from seeking reimbursement from the defendant under § 31-293 (a).

The defendant maintains, as an alternative basis upon which to affirm the judgment; see Practice Book § 4013 (a);[7] that the trial court properly granted the defendant's motion for summary judgment because UPS failed to provide notice of its claim against the defendant pursuant to § 13a-149. Although the defendant does not dispute that the plaintiff properly filed the notice mandated by § 13a-149, it argues that UPS was required to file a notice of its own. This claim also lacks merit.

---

[6] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149."

[7] Practice Book § 4013 (a) provides in relevant part: "At the time the appellant sends a copy of the endorsed appeal form and the docket sheet to the appellate clerk, the appellant shall also send the appellate clerk an original and one copy of the following:

"(1) A preliminary statement of the issues intended for presentation on appeal. If any appellee wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues."

The plaintiff, as the injured "traveler" alleging a violation of § 13a-149, had an obligation under that statute to file with the defendant a proper description of the accident and his injuries within ninety days from the date of the accident.[8] The plaintiff having done so, the defendant received in a timely manner the information to which it was entitled under § 13a-149.[9] Because the statute requires nothing more, UPS was under no obligation to provide any additional notice to the defendant.

The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.

---

[8] As we have noted, "[t]he statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims." *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 198; see also *Pratt* v. *Old Saybrook*, 225 Conn. 177, 182, 621 A.2d 1322 (1993).

[9] Indeed, to require the intervening employer to file its own notice of claim pursuant to § 13a-149 would, in some instances at least, give the employee the power to preclude the employer's right to recover under the statute, by allowing the injured employee to delay notifying his employer of the injury until the ninety day period for notice under § 13a-149 had passed. This would arguably allow the employee to gain the double recovery that § 31-293 (a) aims to prevent.