[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action in negligence and for violation of the Connecticut Unfair Trade Practices Act brought by the plaintiff City of Groton against the defendants Commercial Union Insurance ("Commercial Union") and Kenneth L. Perkins.
Commercial Union has moved to strike counts one and two of the plaintiff's amended complaint on the basis that each count fails to state a claim upon which relief can be granted.
In its amended complaint, the plaintiff makes the following allegations. On or about October 30, 1995, William J. Snyder, while acting within the course and scope of his employment as a police officer with the plaintiff, was struck by an automobile driven by Perkins. Commercial Union carried Perkins' automobile liability insurance. Snyder later died as a result of the injuries suffered in the accident. The plaintiff paid workers' compensation wage and medical benefits to Snyder while he was alive and also paid death benefits to his widow following his death.
During two telephone conversations on or about October 29, 1993, and on or about November 4, 1993, the plaintiff provided CT Page 1501 Commercial Union with information regarding its losses as a result of the injury caused to Snyder. On or about November 23, 1993, Commercial Union received notice that Snyder and/or his estate and his widow were instituting a civil action against Perkins ("the Snyder action"). On or about May 5, 1994, Commercial Union informed the plaintiff by telephone that it was prepared to offer its entire policy limits of $300,000.00 to settle the Snyder action. During this conversation the plaintiff informed Commercial Union of the total amount of its damages as a result of the accident and asked to be kept apprised of developments in the negotiations so that some or all of its damages and losses might be repaid out of the Commercial Union policy limits.
The plaintiff telephoned Commercial Union on or about January 17, 1995, for an update with respect to the status of the matter. When Commercial Union next contacted the plaintiff on March 8, 1995, the plaintiff was informed that the Snyder action had been settled in July, 1994 for the entire $300,000.00 policy limits. Because Commercial Union paid out its entire policy to settle the Snyder action, the plaintiff has been required to sue Perkins individually.
Count one of the complaint sounds in negligence against Commercial Union for failing to keep the plaintiff fully informed as to the status of the Snyder action so that the plaintiff could properly protect its interests. Count two asserts that Commercial Union's actions constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 41-110 et seq., by virtue of a violation of General Statutes § 38a-816
(6) of the Connecticut Unfair Insurance Practices Act (CUIPA). Finally, count three sounds in negligence against Perkins.
The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a motion to strike. Donovan v. Davis, 85 Conn. 394, 397-98
(1912). In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion and unspecified grounds can not furnish a basis for granting the motion. Merideth v. Police Commission, 182 Conn. 138, 140-41
(1980). The court "must construe the facts alleged in the complaint in a light most favorable to the pleader." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994). The sole inquiry is whether the plaintiff's allegations, if CT Page 1502 proved, would state a cause of action. Doyle v. A P Realty,36 Conn. Sup. 126, 127 (1980).
Commercial Union's motion to strike count two of the complaint was granted by this court, Hendel, J., from the bench on January 29, 1996, on the basis of the Connecticut Supreme Court's decision in Lees v. Middlesex Ins. Co., 229 Conn. 842,850-51 (1994) (holding that the defendant's alleged unfair claim settlement practices with regard to a single insurance claim do not constitute a CUIPA violation and, therefore, such allegations also fail to establish a CUTPA violation). This memorandum, therefore, will address only the motion to strike count one.
Commercial Union argues that the plaintiff's complaint fails to state a cause of action because there is no statutory authority which gives the plaintiff the right to bring a direct action against Commercial Union for reimbursement. The plaintiff argues that it took sufficient steps under General Statutes § 31-297 (a) to establish a "lien" upon the settlement paid to Snyder's estate by Commercial Union and that Commercial Union was negligent in paying out its policy limits to the Snyder's estate without recognizing that interest.
Section 31-293 (a) of the Workers' Compensation Act states in pertinent part:
 (a) Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from his employer or its workers' compensation insurance carrier pursuant to the provisions of this chapter, the employer or insurance carrier shall have a lien upon any judgment received by the employee against the third party or any settlement received by the employee from the third party, provided the employer or insurance carrier shall give written notice of the lien to the third party prior to such judgment or settlement. (Emphasis added.).
The Connecticut Supreme Court recently stated that "our CT Page 1503 [Workers' Compensation Act] represent a complex and comprehensive statutory scheme . . . Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts." (Internal quotation marks omitted.) Quire v. Stamford,231 Conn. 370, 375-76 (1994).
Section 293(a) provides two methods by which the plaintiff might have obtained reimbursement for its losses. First, the plaintiff could have proceeded by initiating an action against Perkins or by joining as a party plaintiff in the action against Perkins. It is not disputed that the plaintiff failed to take advantage of either of these avenues.
Second, the plaintiff could have established a lien upon any settlement or judgment resulting from the Snyder action by simply informing Commercial Union and or Perkins of its interest in writing. The plaintiff's complaint, even construed in the light most favorable to the plaintiff, establishes that the all of the plaintiff's communications to Commercial Union were oral. Essentially the plaintiff requests the court to carve out an exception from the clear language of § 293(a) whereby telephone calls would be sufficient to meet the requirement that notice be sent to the third party in writing. Such an exception from the unambiguous language of § 293(a) is for the legislature to create and not the courts. Quire v. Stamford,
supra, 231 Conn. 375-76.
Therefore, the plaintiff's allegations fail to establish that it took the proper steps to create a statutory lien on the settlement paid to the Snyder's within the meaning of § 293 (a) and the plaintiff had no legal interest in the settlement which Commercial Union was obligated to recognize.
The plaintiff also argues that it may sue Commercial Union directly because, based on the information it had provided to Commercial Union regarding its interest in the Snyder action, a duty arose whereby Commercial Union was required to take reasonable steps to insure that the plaintiff's interest was not unfairly prejudiced before it paid out the policy limits. Commercial Union, on the other hand, argues that the plaintiff may not proceed against it directly under the common law.
In absence of third-party or subrogation statutes . . . there is no right of equitable subrogation available to an employer for CT Page 1504 reimbursement of workmen's compensation payments." Norwalk v. VanDyke, 33 Conn. Sup. 661, 665 (1976). It follows in the present case that there was no relationship between the plaintiff and Commercial Union whereby any common law duty arose requiring Commercial Union to take steps to protect the plaintiff's interest before settling the Snyder action.
For the reasons stated above, the defendant's motion to strike count one of the plaintiff's complaint is granted.
Hendel, J.