[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
This motion arises from a one count complaint brought by Continental Casualty Co. against the City of Waterbury seeking to be subrogated to its insured's claim for damages incurred in an automobile accident which was the result of an alleged highway defect.
The exclusive remedy for bringing highway defect claims is pursuant to General Statutes § 13a-149 which provides in pertinent part as follows:
 Sec. 13a-149. Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair.
In addition, General Statutes § 52-557n provides in pertinent part as follows:
 Sec. 52-557n. Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions. (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or CT Page 5261-LLL participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
Defendant moves to strike the complaint on the grounds that § 13a-149 is not applicable to plaintiff because it was not a traveler on the highway as required by the statute. Defendant claims that the complaint fails to state a claim upon which relief may be granted for the additional reason that an insurance company may only seek indemnification by subrogation based on a statutory provision.
A motion to strike tests the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-215, 618 A.2d 25 (1992); Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988);Whalen v. Ives, 37 Conn. App. 7, 654 A.2d 798 (1995). When considering a motion to strike, the court must "construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,650 A.2d 153 (1994).
Plaintiff seeks to be subrogated to the claim of its insured only to the extent of the property damage sustained, a claim which its insured could have opted to pursue in lieu of indemnification from the policy of insurance. Accordingly, the potential recovery is limited to the amount the plaintiff paid out to its insured plus the deductible.[1] Complaint ¶¶ 8-10. On this point, this case appears to be indistinguishable fromQuire v. City of Stamford, 231 Conn. 370, 650 A.2d 535 (1994), where the Supreme Court held that allowing an employer who has paid workers' compensation benefits to the injured traveler to seek reimbursement by way of a subrogation claim is consistent with the requirement that only an injured traveler may recover damages under § 13a-149. In the present case, as in Quire, the plaintiff's claim is derived entirely from the traveler's right to recover against the municipality under § 13a-149 and does not enlarge the recovery against the municipality. Quire v. City ofStamford, 231 Conn. 376-77. See also Northland Insurance Co. v.Bridgeport, Superior Court, judicial district of Fairfield at CT Page 5261-MMM Bridgeport, Docket No. 308102, (June 30, 1995, Maiocco, J.). Under the circumstances, it would be both irrational and inequitable to construe § 13a-149 as excluding recovery by an insurer who seeks relief limited to a property damage claim for which it has fully reimbursed its insured who is a traveler under the statute. See Amica Mutual Ins. Co., 1 Conn. App. 569,575 (1984).
Defendant further claims that there is no right of subrogation arising out of personal injuries at common law and that since there is no statutory basis for the plaintiff's claim, it must be stricken. See Berlinski v. Ovellette,164 Conn. 482, 485, 325 A.2d 239 (1973); Lumbermans Mutual CasualtyCo. v. Hansen, 37 Conn. Sup. 672, 674, 434 A.2d 372 (1981). The court rejects this argument for two essential reasons. In the present case, the plaintiff asserts its subrogation rights pursuant to a contractual assignment of a property damage claim as distinguished from a personal injury claim, a distinction which is noted in Berlinski v. Ovellette, 164 Conn. 485:
 Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment. 6 Am.Jur.2d 220, Assignments, § 37. The rule is succinctly stated in the Restatement, 2 Contracts § 547(1)(d): "An assignment of a claim against a third person or a bargain to assign such a claim is illegal and ineffective if the claim is for . . . (d) damages for an injury the gist of which is to the person rather than to property,
unless the claim has been reduced to judgment." (Emphasis added.)
See also Westchester Fire Ins. Co. v. Allstate Ins. Co.,236 Conn. 362, 374, 672 A.2d 939 (1996).
Furthermore, Berlinski, upon which defendant substantially relies, has recently been overruled by the Supreme Court in the decision of Westchester Fire Ins. Co. v. Allstate Ins. Co.,236 Conn. 374-75 ("equitable subrogation is not the equivalent of the assignment of a personal injury action, and in the absence of that starting point, there is no logical support for the decision in Berlinski"). CT Page 5261-NNN
The motion to strike is therefore denied.
/s/ Peck, J. PECK