[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the motion of defendant, The Lighthouse Restaurant, for summary judgment as to the intervening complaint of Henkels McCoy ("employer"), which seeks to recover worker's compensation benefits it paid to its employee, Charles Nichols, who brought this personal injury action against the defendants.
The movant alleges as a special defense that the intervening complaint was not commenced within the applicable statute of limitations and seeks summary judgment on that ground.
Summary judgment may be granted when, as a matter of law, a party cannot prevail on a claim because of a statutory bar as to which there are no disputed factual issues. Nolan v. Borkowski,206 Conn. 495, 505-507 (1988); Barnes v. Schlein, 192 Conn. 732
CT Page 5759 (1984); Practice Book § 379.
The facts on which the movant relies are apparent from the court file. The plaintiff employee commenced his suit against the defendants on August 4, 1993, the date the writ, summons and complaint were served.
In his complaint, the plaintiff alleges that he sustained personal injuries as a result of the negligence of the defendants on August 20, 1991.
Henkels McCoy filed a motion to intervene as a plaintiff on September 1, 1993. That motion was granted on September 13, 1993, and Henkels McCoy filed its intervening complaint on September 22, 1993.
The movant asserts that since the intervening plaintiff's claim was commenced more than two years after the date of the injury, it is time-barred regardless of whether one regards the "commencement" as any one of the three dates set forth above.
Henkels McCoy claims that it has complied with the requirements of General Statutes § 31-293 and that it is not required also to comply with the two-year statute of limitations set forth in General Statutes § 52-584 because its claim is a derivative one arising from the timely-commenced claim of its employee.
The Appellate Court decided in Packtor v. Seppala AHOConstruction Co., 33 Conn. App. 422, 432 (1994); cert. granted on other grounds, 229 Conn. 901, aff'd 231 Conn. 370 (1995); that the statute of limitations applicable to the intervening complaint of an employer is the two-year period specified in General Statutes § 52-584. In that case, the Appellate Court ruled that an employer's intervening complaint that was commenced more than two years after the employee's injury was time-barred. Henkels McCoy; takes the position that the ruling in Packtor is inapplicable because in that case the employee's own case, which had been brought first, was also filed beyond the two year period. The Appellate Court explicitly ruled in Packtor, however, that the timeliness of the employer's complaint must be adjudged independently from the timeliness of the employee's prior complaint:
We agree with Stop Shop that "it would be inequitable CT Page 5760 to bar an intervention action by an employer for no other reason than that the employee failed to file his or her action within the applicable period of limitation." [Emphasis in original.] We do not bar the employer on that ground. The issue we must determine is whether the employer's action is itself timely filed.
Packtor, 33 Conn. App. 430-31.
The Appellate Court found that Stop Shop, the employer inPacktor, had not brought its suit against the alleged tortfeasor within two years, and it approved the trial court's granting of summary judgment in favor of the alleged tortfeasor. The Court stated unequivocally that its conclusion was not based on the untimeliness of the employee's own suit:
 The action is not barred however, by the employee's procedural failure but by the failure of the employer to bring suit in a timely manner. If the employer had initiated the action, it would not be prosecuting its own action, but the action of the employee. Therefore, it would be illogical to grant greater rights to an employer whose rights are derivative, than to the employee from whom those derivative rights flow.
Packtor, 33 Conn. App. 431.
The employer objects that the two-year statute of limitations cannot be applied as indicated in Packtor because of the effect that such application would have on the intervention rights of the Second Injury Fund. Intervention by that entity is not at issue in this case.
Another judge of the Superior Court has, in a persuasive decision, reached the conclusion that an intervening employer's action against an alleged tortfeasor is barred if not brought within the two-year statute of limitations even where the employer intervened within thirty days of notice of the employer's suit. See Wonacott v. Northeast Utilities,15 Conn. L. Rptr. 284 (1995) (Sheldon, J.).
The employer urges that the Supreme Court's ruling in Rana v.Ritacco, 236 Conn. 330 (1996), indicates rejection of Packtor. InRana, the employee's injury occurred within two years of the commencement of the employer's intervening complaint. Rana v.CT Page 5761Ritacco, 236 Conn. 333. Accordingly, the statute of limitations was not the issue; rather the Supreme Court determined in that case only the employer's compliance with the requirement that its intervening complaint be brought within thirty days of notice of the employee's action.
The employer also asserts that so long as an intervenor's suit is commenced within thirty days of the receipt of notice of the bringing of suit by the original plaintiff, the intervenor need not also satisfy the statute of limitations. While the Supreme Court has apparently not ruled on this precise issue,[1] it indicated in Lakewood Metal Products, Inc. v.Capital Machines Switch Co., 154 Conn. 708, 710-11 (1967) that the statute of limitations could be a valid special defense after the granting of a motion to intervene filed by an employee whose employer had timely instituted suit. In view of this ruling and because the Packtor ruling is controlling precedent, this court must reject the employer's suggestion that only compliance with the thirty-day provision, and not with the statute of limitation, is required.
The court notes that the provisions of General Statutes §31-293 do not require an employee to provide notice of the maintenance of his suit at any particular time, nor do they provide that notice provided close in time to the expiration of the limitation period gives rise to an extension of that period for an intervening complaint. While the legislature could have enacted such provisions to save the claims of employers, it did not. It can be reasoned that there was no need to give such protection since § 31-293 grants an employer the right to bring suit even if the injured employee does not, and its right to maintain a cause of action is not contingent upon receipt of notice of the employee's suit.
Conclusion
The ruling of the Appellate Court in Packtor, which this court must adhere to as precedent, requires the conclusion that the employer's claim is barred by the statute of limitations. The defendant's motion for summary judgment is therefore granted.
Beverly J. Hodgson Judge of the Superior Court