[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiffs, Mario and Maria Rodrigues, have commenced this action against the defendants for injuries received by Mario when he was hit by a passing truck while shoveling gravel on a town highway and by Maria, his wife, for loss of consortium.
They have sued the truck driver, the trucking company, the Town of Guilford, the municipality in which the town highway is located and Thomas Cappezone, a town employee.
The defendant municipality and the defendant town employee have moved this court to strike the fourth, fifth, sixth, seventh, eighth, ninth, tenth, thirteen and fourteenth counts of the complaint for the reason that the plaintiffs have based their claims against the defendants on theories other than Section13a-139 of the General Statutes (commonly referred to as the "defective highway" statute).
The defendants maintain that under the facts of this case the plaintiffs' sole remedy is under that statute and for that reason the court should strike those counts.
"The purpose of a motion to strike is to test . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270 709 A.2d 558 (1998).
In ruling on a motion to strike, the role of the trial court is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996). Yet, "the court is limited to the facts alleged in CT Page 15433 the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 857 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
 I.
A review of the case law regarding Section 13a-149 indicates that said statute provides the exclusive remedy for a person seeking redress against a municipality for such injuries. . . ." (Citations omitted.) Martin v. Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997). General Statutes § 52-557n "bars any action for injury to person or property caused by a defective road unless it is brought pursuant to § 13a-149." Cook v.turner, 219 Conn. 641, 643, 593 A.2d 501 (1991). Nevertheless, "[t]he Supreme Court has stated that the "traveler" upon the highway is the only person who can maintain an action for the recovery of the penalty provided by this statute, and he only, for an injury which is the direct result of a defect in the highway suffered by him . . . Frechette v. New Haven,104 Conn. 83, 88. 132 A. 467 (1926)."(Internal quotation marks omitted.)Northland Ins. Co. v. Bridgeport, Supreme Court, judicial district of Fairfield at Bridgeport, Docket No. 308102 (June 30, 1995, Maiocco, J.) (14 Conn. L. Rptr. 415). "Section 13a-149. . . permits recovery only by the injured `traveler.'"Sanzone v. Board of Police Commissioners, 219 Conn. 179, 199,592 A.2d 912 (1991); see also Quire v. Stamford, 231 Conn. 370, 375,650 A.2d 535 (1994).
Our courts have consistently ruled that in order for a party to have a right (or, in this case, an obligation) to bring an action under that statute he or she must have been a "traveler"
on that road or highway. Not all persons who find themselves situated on a highway are necessarily considered "travelers" thereon. See Quire v. Stamford, 231 Conn. 370, 375, 650 A.2d 535
(1994). In that case the injured party was a UPS truck driver who was standing on a catch basin at the curb of a highway when it collapsed under him and he sustained physical injuries. The court held that he was not a "traveler" on the allegedly defective road.
For the foregoing reason, the court finds that Mario CT Page 15434 Rodrigues was not a "traveler" on the highway on which he was raking ravel. He does not have a right or an obligation to bring an action under Section 16a-139 of the General Statutes. For that reason the defendants' motion to strike the fourth, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth and fourteenth counts of the plaintiffs' complaint is denied.
 II.
The defendants have also moved to strike the eleventh count of the complaint for the reason that while the plaintiffs did cite Section 13a-139 of the General Statutes as the basis for their claims, they failed to allege that notice was properly given to the defendants as required by that statute.
"As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements." Martin v.Plainville, supra, 240 Conn. 109. "No action for any such injury shall be maintained against any town . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town. . . ." General Statutes § 13a-149. "The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." Pratt v. Old Saybrook,225 Conn. 177, 182, 621 A.2d 1322 (1993); Pajor v. Town ofWallingford, 47 Conn. App. 365, 378-79, 704 A.2d 247, cert. denied, 244 Conn. 917, 714 A.2d 7 (1998). The complaint does not allege giving written notice to the town of Guilford. For the foregoing reason, the motion to strike count eleven is granted.
 III.
The defendants also moved the court to strike the twelfth count of the complaint for the reason that the plaintiff Maria Rodrigues' claim for loss of consortium is not permitted in a claim for damages under Section 13a-139 of the General Statutes.
Similarly, the town of Guilford and Cappezone argue that an action for loss of consortium is barred by General Statutes § CT Page 1543513a-149, and therefore, count twelve should be stricken.
"An action for loss of consortium is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse is barred. . . . Section 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured traveler." (Citations omitted; internal quotation marks omitted.) Sanzone v.Board of Police Commissioners, supra, 219 Conn. 199. Because General Statutes § 13a-149 bars a claim for loss of consortium, the motion to strike count twelve is granted.
By the Court,
Joseph W. Doherty Judge