[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts and Procedural History
The plaintiff Chris Savaria alleges that on May 21, 1997, he was injured when he was struck in the head, neck, and back by a large metal street lamp pole that fell on him. In his first complaint, filed November 24, 1998, the plaintiff alleges that he was "lawfully upon" Leafwood Lane in Groton, Connecticut when he was hit by the falling lamp pole. (Count three, ¶ 3)[1] The defendant Groton Public Utilities[2] moved to strike the plaintiff's negligence claim against it on the ground that the in question from highway and plaintiff not injury resulted a defect the had filed his claim in compliance with General Statutes § 13a-149. The court, Mihalakos, J. granted the defendant's motion to strike inSavaria v. Groton, Superior Court, judicial district of New London at Norwich, Docket No. 116532 (September 9, 1999, Mihalakos, J.) (25 Conn.L.Rptr. 397).
The plaintiff has revised his complaint as allowed by Practice Book § 10-44. His revised complaint, filed on September 22, 1999, alleges that "the plaintiff, was lawfully upon the property of Winding Hollow Condominiums, which abuts Leefwood Street in Groton, Connecticut, CT Page 8277 performing various landscaping work on the property of Winding Hollow, when a large, metal, street lamp pole and its component parts fell and struck him on the head, neck and back, thereby driving the plaintiff heavily to the ground." (Count three, ¶ 4). Groton Public Utilities filed a motion to strike the third count of this new complaint and for costs on October 4, 1999. The plaintiff filed an objection to this second motion to strike, dated October 21, 1999.
 Discussion
As this court has previously stated: "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzonev. Board of Police Commissioners, 219 Conn. 179, 201, 592 A.2d 912
(1991); see also Savaria v. Groton, supra, 25 Conn.L.Rptr. 398.
The defendant argues that this court should grant its motion to strike count three on the ground that the plaintiff's complaint remains insufficient as a matter of law. Specifically, the defendant argues that the plaintiff fails to plead his claim pursuant to the highway defect statute as required by General Statutes § 13a-149, and that the court's analysis of the defendant's prior motion to strike applies equally to the revised complaint. The plaintiff argues in his objection to the defendant's second motion to strike, that one must have been a traveler, using the road for some purpose connected with travel, to fall under the auspices of General Statutes § 13a-149.[3] The plaintiff argues that, according to the allegations, the lamp post in question never obstructed or hindered the use of Leafwood Lane, but rather fell away from this lane hitting the plaintiff on property that was not part of the thoroughfare in question.
A highway defect is "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991). In this court's previous decision on the defendant's first motion to strike, Judge Mihalakos stated that "[t]he purpose of a street lamp pole on a CT Page 8278 public way is to aid both drivers and pedestrians, whether walking along the road or simply standing by the roadside. This court, therefore, finds that the plaintiff's claim of injury b's a negligently maintained street lamp pole falls within the meaning and intent of § 13a-149." Savariav. Groton, supra, 25 Conn.L.Rptr. 400. This court agrees with judge Mihalakos that if the plaintiff had been actually using the street for the purpose of trimming grass, he would have been using the street to travel as a pedestrian from one point to another and his activities would fall within the meaning and intent of General Statutes § 13a-149.Savaria v. Groton, supra, 25 Conn.L.Rptr. 397. This decision was correct given the allegations pleaded in the original complaint, but the changed factual allegations of the revised complaint require another examination of this issue.
"[T]hose objects which have no necessary connection with the roadbed, or public travel, which may expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective." Comba v. Ridgefield, 177 Conn. 268, 270, 413 A.2d 859
(1979). A traveler is "[olne who passes from place to place, whether for pleasure, instruction, business or health." Black's Law Dictionary (5th Ed. 1979).
Roadbed accessories such as traffic lights and lamp poles are highway defects when the plaintiff in question is injured traveling while on the highway. See Sanzone v. Board of Police Commissioners, 219 Conn. 179,203, 592 A.2d 912 (1991) (traffic light); Wenc v. New London,235 Conn. 408, 667 A.2d 61 (1995) (light pole). Only a "traveler" may recover, however, damages against a municipality under General Statutes § 13a-149. See Quire v. Stamford, 231 Conn. 375, [231 Conn. 370], 650 A.2d 535 (1994). One trial court has even held that standing on the highway, without using it to pass from place to place, does not make one a traveler for the purposes of General Statutes § 13a-149. See Rodrigues v.Corbett, Superior Court, judicial district of Waterbury, Docket No. 153816 (November 18, 1999, Doherty J.) (plaintiff was shoveling gravel on a town highway).[4]
If the plaintiff was not on the highway at the time of his injury, he cannot be using the highway to pass from place to place and is therefore not a traveler under General Statutes § 13a-149. Given the lack of connection between the plaintiff and the roadway, and the final resting place of the lamp post and the roadway, this court agrees that the plaintiff's injury does not fall under the auspices of General Statutes § 13a-149.
 Conclusion
CT Page 8279
The defendant's motion to strike the third count of the plaintiff's revised complaint is denied.
Martin. J.