[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS #108
The plaintiff, Colonial Penn Ins. Co., filed a two count complaint on September 4, 2001, against the defendants, Edward Burnham and the state of Connecticut department of transportation (DOT). The plaintiffs insured was hit by an automobile that was operated by Burnham and owned by the DOT. The plaintiffs insured subrogated and assigned all of her rights of recovery to the plaintiff Count one alleges negligence against Burnham and count two is brought under General Statutes § 52-556[1] against the DOT for negligence, as it is undisputed that Burnham was operating the vehicle at the time of the accident with the permission of the commissioner of the DOT as its employee.
The defendants, after asserting the special defense of sovereign immunity, filed the present motion to dismiss on December 28, 2001, on the ground that the court lacks subject matter jurisdiction. The defendants argue that § 52-556 does not waive the state's sovereign immunity for subrogation claims brought by insurance companies as they do not qualify as a "person" under the statute. The plaintiff filed a memorandum in opposition to the motion to dismiss on February 8, 2002, CT Page 4451 relying on General Statutes § 1-1 (k), which states that "[t]he words `person' and `another' may extend and be applied to communities, companies, corporations, public or private, limited liability companies, societies and associations." It further argues that if the legislature intended to limit the definition of "person" as it has done with other statutes, it would have done so here.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 821 (1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel,228 Conn. 358, 364, 636 A.2d 786 (1994).
It is a "well settled principle that when the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . ." (Internal quotation marks omitted.) Babes v. Bennett,247 Conn. 256, 262, 721 A.2d 511 (1998). "Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) Id.
At issue is whether the legislature intended to limit the definition of "person" in § 52-556 to exclude any party other than the injured individual. The defendants contend that the statute does not apply to an insurance company seeking subrogation. They rely mainly on the case ofAmerican Manufacturers Mutual Ins. Corp. v. State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533136 (November 23, 1994, Sheldon, J.). In that case, the plaintiff sued the state to recover basic and added reparations benefits which it paid out to an insured who was hit by another vehicle that was owned by the state and operated by a state employee. The plaintiff brought the action as the subrogee of its insured under the authority of General Statutes §§ 38a-369 and 52-556. Judge Sheldon granted the state's motion to strike, holding that these two statutes read together did not give an insurance CT Page 4452 company a right of subrogation against the state, and thus the action was barred by the doctrine of sovereign immunity. Essential to Judge Sheldon's decision was the language of § 38a-369, in that it allowed the insurer to recover what it paid out in basic reparations benefits from any "person or organization." The court stated: "the most logical meaning of the word `person', in the context of the statute, is an individual human being, whereas an `organization' is a different type of legal entity which does not logically or necessarily include the State." Id.
As a second basis for its decision, the court analogized to another statute which waives the state's sovereign immunity, General Statutes § 13a-149, the defective highway statute, which, according to the court, extends a remedy only to travelers upon the highway, not to other classes of persons. Id. Judge Sheldon addressed a recent Supreme Court decision, Quire v. Stamford, 231 Conn. 370, 650 A.2d 535 (1994), in which the Supreme Court concluded that the plaintiffs employer had a right to intervene pursuant to General Statutes § 31-293 (a) because, in an action against the defendant city under the defective highway statute, the right to intervene under § 31-293 (a) "is derived entirely from the plaintiffs right to recover damages against the municipality under § 13a-149." Quire v. Stamford, supra, 231 Conn. 376. In so holding, the Connecticut Supreme Court noted that "the employer who intervenes in its employee's action as authorized by § 31-293 (a) does not enlarge the amount of the recovery against the municipality." Id., 377. Judge Sheldon distinguished this decision by concluding that, in the case before him, "the effect of permitting liability insurers to file their own independent subrogation actions against the State to recover whatever they pay out in basic reparations benefits to persons injured by State employees will inexorably expose the State to more litigation and to significantly greater expense than if such actions were not allowed."American Manufacturers Mutual Ins. Corp. v. State, supra, Superior Court, Docket No. 533136.
The court rejects the defendants' argument that American ManufacturersMutual Ins. Corp. v. State, supra, Superior Court, Docket No. 533136, supports their position. That case is distinguishable from the present case in significant respects. As stated previously, the existence and language of § 38a-369 were essential to Judge Sheldon's decision. Section 38a-369, however, has since been repealed. The defendants are trying to expand the holding in American Manufacturers into a general rule that subrogation is not allowed in any context. This conclusion, however, is far too broad.
For example, there have been specific cases brought by insurance companies under the defective highway statute, § 13a-149, which have CT Page 4453 held that § 13-149 waives the state's sovereign immunity and allows
for subrogation. In Continental Casualty Co. v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 130458 (August 2, 1996, Peck, J.), the defendant city filed a motion to strike on the grounds that § 13a-149 was not applicable to the plaintiff because it was not a traveler on the highway as required by the statute. The court denied the motion, citing the Supreme Court case of Quire v. Stamford, supra, 231 Conn. 370, discussed earlier, and focusing on the fact that the plaintiff, in both cases, was seeking to be subrogated to the claim of its insured only to the extent of the property damage sustained. "In the present case, as in Quire, the plaintiffs claim is derived entirely from the traveler's right to recover against the municipality under § 13a-149 and does not enlarge the recovery against the municipality." Continental Casualty Co. v. Waterbury, supra, Superior Court, Docket No. 130458. The court also made the distinction that the plaintiff was asserting its subrogation rights pursuant to a contractual assignment of a property claim as distinguished from a personal injury claim. Id.; see also Northland Ins. Co. v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308102 (June 30, 1995, Maiocco, J.) (14 Conn.L.Rptr. 415, 416) (holding that insurer had right to subrogation because it was in similar position as employer who paid benefits pursuant to § 31-293 (a), as its claim against defendant "is derived entirely from the [injured traveler's] right to recover damages against the municipality under § 13a-149" (internal quotation marks omitted)).
The plaintiff also argues that the definition of "person" extends to insurance companies under § 52-556 and that because it has suffered an injury to property, it has a right to subrogation against the state. Subrogation is defined as "[t]he lawful substitution of a third party in place of a party having a claim against another party. Insurance companies . . . generally have the right to step into the shoes of the party whom they compensate and sue any party whom the compensated party could have sued." Black's Law Dictionary (5th Ed. 1979). "When the legislature has not defined a term, it is appropriate to look to the common understanding expressed in law and in dictionaries." (Internal quotation marks omitted.) Connecticut Natural Gas Corp. v. Dept. of Consumer Protection,43 Conn. App. 196, 200, 682 A.2d 547, cert. denied, 239 Conn. 938,684 A.2d 707 (1996); see also In Re Darlene C., 247 Conn. 1, 10,717 A.2d 1242 (1998) ("In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended."). The dictionary defines "person" as "a human being, though by statute [the] term may include a firm, labor organization, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers." Black's Law Dictionary (5th Ed. 1979). The CT Page 4454 plaintiff, in its objection to the motion to dismiss, relies on General Statutes § 1-1 (k), which again provides that "[t]he words `person' and `another' may extend and be applied to communities, companies, corporations, public or private, limited liability companies, societies and associations."[2]
In the present case, the plaintiff is seeking to exercise its subrogation rights and recover the amount it paid to its insured for damage to a motor vehicle. The plaintiff is seeking subrogation only to the extent of the property damage sustained. As in Quire v. Stamford, supra, 231 Conn. 370, and Continental Casualty Co. v. Waterbury, supra, Superior Court, Docket No. 130458, the plaintiffs claim derives entirely from the insured's right to recover against the state under § 52-556
and does not enlarge the recovery against the state. Moreover, it does not expose the state to more litigation than if the action were not allowed, as the insured has the statutory right to seek the same amount. Furthermore, the use of the word "person" within the statute has not been defined.
For the foregoing reasons, the motion to dismiss is denied.
 ___________________ Koletsky, J.